### DENNIS v. KARNS.
### SAME v. DARRIN.

(Court of Appeals of District of Columbia. Submitted November 16, 1923. Decided January 7, 1924.)

#### Nos. 1599, 1600.

Patents ☞113(7)—Finding, concurred in by three tribunals of Patent Office, not disturbed.

In two interference proceedings, involving an invention concerning a process of reducing resin from a liquid containing compounds of the coumaron-indene group, findings of fact as to the date of filing application, date of conception, reduction to practice, diligence, and lack of diligence, concurred in by the three tribunals of the Patent Office, were not disturbed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the Commissioner of Patents.

Separate interference proceedings between Clark M. Dennis and Harry C. Karns and between Clark M. Dennis and Marc Darrin. From the decisions rendered, Clark M. Dennis appeals. Affirmed.

Charles W. Mortimer, of New York City, for appellant.

George E. Stebbins, of Pittsburgh, Pa., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. These two appeals from decisions of the Commissioner of Patents in interference proceedings were heard and submitted together, and we shall dispose of them in one opinion.

In No. 1599 three parties, Dennis, Darrin, and Karns, were involved. The Commissioner awarded priority to Karns, and Dennis alone appeals. The invention in dispute concerns a single step in the process of producing resin from a liquid containing compounds of the coumaron-indene group. Two counts embody the issue and are as follows:

1. That step in the process of producing resin from a liquid containing compounds of the coumaron-indene group, which consists in initially treating the mixture with sulphuric acid of sufficient strength to polymerize dark resin-forming bodies without appreciable polymerization of the contained coumaron-indene compounds.

2. That step in the operation of producing resin from crude solvent naphtha, which consists in initially treating the crude solvent naphtha with sulphuric acid of sufficient strength to polymerize the contained dark resin-forming bodies without appreciably polymerizing the contained light resin-forming compounds.

Dennis filed in May, 1919, Darrin has a patent issued in March, 1919, on an application filed in September, 1918, and Karns filed his application in August, 1917. From this it appears that the Darrin patent went out while the Karns application was pending. Darrin, therefore, has no advantage over Karns because of his patent, but he has an advantage over Dennis; his patent having issued before the latter filed. The issue counts were taken from Darrin's patent. While this interference relates to a process for producing resin, as does No. 1600, the counts of the issue are much narrower. After a searching examination of the evidence it was found by the Examiner of Interferences that Karns was the first to conceive and was diligent from that time to the date of filing, and awarded him priority. The Examiners in Chief, when the case came before them on appeal, like the Examiner of Interferences, went into the evidence minutely and affirmed the decision of the lower tribunal. Their conclusion was approved by the Assistant Commissioner. Thus we have three concurring opinions on a question of fact.

In No. 1600 the parties were the same, and the invention relates, as we have just said, to a process of producing resin from the same group of elements as that involved in 1599. Considering the conclusion which we have reached, it is not necessary, in our opinion, to set out any of the issue counts.

Karns filed in May, 1920; Dennis in May, 1919; and Darrin in September, 1918. The latter obtained a patent in March, 1919.

Karns, according to the Examiner of Interferences, was limited to his filing date, and therefore could not prevail. With regard to Dennis the Examiner found that he was the first to conceive, but the last to reduce to practice, and that he was not diligent at the critical time; consequently he awarded Darrin priority. Dennis appealed, but Karns did not. The Examiners in Chief affirmed the Examiner of Interferences on the same ground upon which he had placed his judgment, and their action was concurred in by the Assistant Commissioner.

In this as in the other case the question presented by the appeal is one purely of fact. Both the Examiner of Interferences and the Examiners in Chief made a critical examination of the evidence in their respective opinions. We approve their judgment in both cases. If we were to give our reasons for doing so, we would but repeat in substance what they have said. This, we think, would be useless. Hence, without saying more, we affirm the decisions of the Commissioner in Nos. 1599 and 1600.

Affirmed.